[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Karen A. Goodrow, Esq., Defense Counsel for Petitioner.
Christopher Morano, Esq., Assistant State's Attorney for the State.
MEMORANDUM OF DECISION
BY THE DIVISION: The petitioner was sentenced on two separate occasions (November 16, 1989 and August 2, 1990). His 1989 sentence was for a term of thirty-five years and in 1990 he received a consecutive sentence of sixteen years. Both sentences were heard at Sentence Review and he claims that the sentences, which total fifty-one years, were unduly severe. He has asked the Division to consider making the later sentence concurrent with the earlier one.
The 1989 convictions resulted after a jury trial wherein he was found guilty of the following offenses:
 Kidnapping, 1st degree (Sec. 53a-92(a)(2)(A)(B) Robbery, 3rd degree (Sec. 53a-136) Larceny, 2nd degree (Sec. 53a-123(a)(3) Assault, 3rd degree (Sec. 53a-61(a)(1)
He was sentenced to a term of twenty-five years for the kidnapping. He received five years for the robbery, ten years for the larceny and one year CT Page 2541 for the assault count. The latter three sentences were concurrent with each other, but consecutive to the kidnapping for a total effective sentence in that case (D.N. 55737) of thirty-five years.
These crimes occurred on July 21, 1989, when the petitioner entered the Pump House Gallery in Bushnell Park in Hartford, where the female victim worked. He grabbed her around the neck, dragged her into a bathroom and punched her in the face. He unbuckled her belt, and demanded that she "get naked."
The victim offered up her jewelry to the petitioner if he would let her go. He did take the items of jewelry and left the bathroom. When he did not return, the victim left and called the police. The petitioner claims he was "railroaded."
The sentencing court commented on the petitioner's extensive prior record, which included convictions for robbery, burglary, larceny, forgery, using a motor vehicle without permission, theft of credit cards, trespassing, possession of drug paraphernalia, and assault on a police officer. There were some eighteen prior criminal convictions. He was on parole when these instant offenses occurred.
The petitioner argues that he was punished for going to trial. The Division disagrees with that speculation. This was an especially heinous crime, striking terror in the innocent victim with physical injury inflicted upon her.
Applying the criteria of Conn. Practice Book Sec. 942 which include the nature of the offense, the character of the petitioner, the need for public protection, and the deterrent, rehabilitative, isolative and denunciatory purposes of a sentence, the Division finds that this sentence is neither inappropriate nor disproportionate.
The petitioner's 1990 convictions were also the result of a trial by jury. He was charged in six informations in connection with his sale of six stolen automobiles to undercover police officers who were conducting a sting operation. His defense to the charges was that he intended to sell the stolen vehicles to buyers he knew to be undercover police officers, because he knew the automobiles would then be restored to their rightful owners. His defense was not persuasive and he was sentenced as follows:
D.N. 55953, Larceny, 2nd degree (53a-123(a)(1) three years D.N. 55954, Larceny, 2nd degree (53a-123(a)(1) three years D.N. 55955, Larceny, 1st degree (53a-122(a)(3) five years Conspiracy to Commit Larceny, 1st degree five years, Concurrent D.N. 55956, Larceny, 3rd degree (53a-124(a)(1) one year D.N. 55957, Larceny, 2nd degree (53a-123(a)(1) three years D.N. 56131, Larceny, 3rd degree (53a-124(a)(1) one year
As noted, in D.N. 55955, the two counts were to run currently with each CT Page 2542 other and the sentences in each docket number were consecutive, and consecutive to the sentence imposed in 1989, thus making the total effective sentence sixteen years consecutive to the thirty-five year sentence he was then serving, and both sentences total fifty-one years.
The sentencing court had the petitioner's lengthy record. He has been victimizing people constantly since 1977 and there is little likelihood, as the Court noted, that he would act in accordance with accepted rules of behavior in the future. Despite that assessment, which appears to be well founded, the Court imposed substantially less than the maximum penalty for any given offense.
With reference to the provisions of Conn. Practice Book Sec. 942, the Division finds the sentences imposed in these files were also appropriate and proportionate, both individually and in conjunction with his previous sentences.
Accordingly, all sentences before us for review are affirmed.
KLACZAK, JUDGE
MIANO, JUDGE
STANLEY, JUDGE
Klaczak, J., Miano, J., and Stanley, J. participated in this decision.